IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RONALD WEBBER,

        Plaintiff,

   v.                             Case No. 2:15-cv-02084
                                    Judge Marbley
J-W WIRELINE COMPANY,         Magistrate Judge King
et al.,

        Defendants.

**OPINION AND ORDER**

This is a collective and class action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and under the state wage and hour laws of Ohio and Pennsylvania in connection with defendants' alleged failure to pay overtime compensation. *See Amended Complaint*, ECF No. 34. This matter is now before the Court on defendants' *Motion to Stay or Transfer to the Western District of Texas*, ECF No. 29 ("*Motion to Stay or Transfer*"). The *Motion to Stay or Transfer* is unopposed.

**Facts**

The *Complaint* in this action was filed in this Court on May 19, 2015. Plaintiff, a wireline operator and wireline service supervisor, *Amended Complaint*, ¶ 24, brings this action on behalf of himself and other similarly-situated "wireline employees." *Id*. at ¶¶ 25, 46. Named as defendants are J-W Wireline Company, J-W Admin Company, and J-W

1

Energy Company.[1]

The *Motion to Stay or Transfer* refers to an action filed in the Western District of Texas, *Parrott v. J-W Wireline Co., et al.*, Case No. 5:15-cv-329 (W.D. Tex.)("*Parrott*").[2] *Parrott,* which was filed on April 24, 2015, names as defendant J-W Wireline Company[3] and also asserts claims for overtime compensation under the FLSA on behalf of "all oilfield personnel employed by J-W Wireline Company. . . who held . . . the job titles: TCP Specialist, Pipe Recovery Engineer, and/or Pipe Recovery Specialist." *Parrott, Amended Complaint*, ¶ 6. A nationwide collective class has been conditionally certified in *Parrott. Id., Order*, ECF No. 23. A scheduling order, which establishes a discovery completion date of January 13, 2016, and a trial date of May 16, 2016, has been entered. *Parrott, Scheduling and Docket Control Order*, ECF No. 19.

Defendants in this action represent that their principal place of business is located in Texas, as are their documents and the witnesses who are familiar with defendants' compensation policies and practices. *Affidavit of Julie Walker*, attached to *Motion to Stay or Transfer.*

---

[1] FTS International, Inc., was also originally named as a defendant but has since been dismissed from the action. *Stipulation of Dismissal*, ECF No. 27.
[2] Although the *Motion to Stay or Transfer* states that a copy of the *Parrott Complaint* is attached as an exhibit to the *Motion to Stay or Transfer, see id.* at PageID# 119, no such exhibit is in fact attached to the motion. However, this Court has reviewed the public docket and records filed in *Parrott*. *See* https://ecf.txwd.uscourts.gov.
[3] J-W Energy Company was also named as an original defendant, but has since been dismissed from *Parrott. Parrott, Oral Order Granting Oral Motion to Dismiss* ((Sept. 24, 2015).

2

**Standards**

**Stay**

A district court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The party seeking a stay of proceedings has the burden of establishing both the "pressing need for delay" and "that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. United States District Court, Southern District of Ohio, Eastern Division*, 565 F.2d 393, 396 (6th Cir. 1977). *See also Landis*, 299 U.S. at 255 (stating that the movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else").

In determining whether or not to grant a stay of proceedings, a court may consider the following factors: "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee*, 325 F. Supp.2d 829, 831 (N.D. Ohio 2004) (citing *Landis*, 299 U.S. at 255). *See also Ferrell v.*

3

*Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 U.S. Dist. LEXIS 25358, at *7 (S.D. Ohio Oct. 21, 2005) ("There is no precise test in this Circuit for when a stay is appropriate. However, district courts often consider the following factors: the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy.").

**Transfer**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a) (2015). An action "might have been brought" in a court when (1) the court has subject matter jurisdiction over the action; (2) venue is proper in the court; and (3) the defendant is amenable to process issuing out of the transferee court. *See Kay v. Nat'l City Mortg. Co.*, 494 F.Supp.2d 845, 849 (S.D. Ohio 2007). Venue is proper in a district in which a "substantial part of the events giving rise to the claim arose," and venue may be proper in multiple districts. 28 U.S.C. § 1391(b) (2015); *see also First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998).

Once it is determined that the case might have been brought before the proposed transferee court, "the issue becomes whether transfer is justified under the balance of the language of § 1404(a), which analyzes whether transfer is justified for the convenience of parties and witnesses and in the interest of justice." *See Kay*, 494

F.Supp.2d at 850 (quotations omitted). Factors to consider include access to sources of proof, cost of obtaining attendance of witnesses, docket congestion, convenience to both the parties, and systemic integrity and fairness. *See id.* (citations omitted); *Cherokee Export Co. v. Chrysler Int'l Corp.*, No. 96-1745, 1998 U.S. App. LEXIS 1683, at *7-8 (6th Cir. Feb. 2, 1998). The moving party bears the burden of establishing the need to transfer the case; however, the decision to transfer falls within the court's discretion. *See id.*

## Discussion

The *Motion to Stay or Transfer* asks that this litigation be stayed pending resolution of *Parrott* because this action "involve[es] two of the same defendants, similar putative collective action members,[4] the same FLSA claims, and the same core operative facts. . . . Discovery in the two actions will certainly be duplicative." *Id*. at PAGEID# 119. Because *Parrott* is more advanced, defendants argue, "the interests of federal comity and judicial economy strongly weigh in favor of staying Plaintiff Webber's collective action claim, or this entire case, pending resolution of" *Parrott. Id*. at PAGEID 120.

Alternatively, the *Motion to Stay or Transfer* asks that this litigation be transferred to the Western District of Texas in light of the pendency of the more-advanced *Parrott*, and because the presence of defendants, their documents and their witnesses in that district would serve the convenience of the parties and witnesses and would relieve

---

[4] Although it is not entirely clear to this Court that the "wireline employees" referred to in the *Amended Complaint* filed in this case are coextensive with the categories of employees referred to in *Parrott*, defendants represent that *Parrott* includes "all of the collective action members sought to be covered by the Complaint in this case." *Motion to Stay or Transfer*, PAGEID# 121.

5

defendants' financial burden in defending against the claims asserted in this action. *Id.* at PAGEID# 125-26. To require this Court "to handle virtually the same case, involving similar parties and issues, would unnecessarily burden the judicial system." *Id.* at PAGEID# 126-27.

Although this action "might have been brought" in the Western District of Texas, *see* 28 U.S.C. § 1404(a),[5] the Court concludes that, because this action includes claims not included in *Parrott* (*i.e.,* claims under the wage and hour laws of Ohio and Pennsylvania), transfer of the action to the Western District of Texas is unwarranted.

However, to actively litigate the claims in this action at this juncture would be a waste of judicial resources and would subject defendants to an unreasonable risk of duplication of effort. Considering that plaintiff does not oppose the *Motion to Stay or Transfer*, it does not appear that at least a temporary stay of this action in deference to *Parrott* would work to plaintiff's prejudice. Under all these circumstances, the Court therefore concludes that a stay of this action is warranted.

The discovery completion period in *Parrott* is scheduled to close on January 13, 2016. *Parrott, Scheduling and Docket Control Order*, ECF

---

[5] The Western District of Texas would have subject matter jurisdiction over plaintiff's FLSA claims pursuant to 29 U.S.C. § 1331 and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367. Venue would also be proper in the Western District of Texas by virtue of defendants' presence in that district and because a significant part of the events giving rise to the claims occurred within the Western District of Texas. *See* 28 U.S.C. § 1391. Finally, defendants do not disagree that they are amenable to service of process in the Western District of Texas.

No. 19. The Court concludes that a stay of this action, at least until that time, is appropriate. **This Court will conduct a status conference with counsel for the parties, on January 21, 2016, at 2:00 p.m.**  At that conference, the parties will address a continuance of the stay, and the extent to which discovery conducted in *Parrott* may be used in this action.

Accordingly, the unopposed *Motion to Stay or Transfer to the Western District of Texas*, ECF No. 29, is **GRANTED** in part. This case is hereby **STAYED** until the January 21, 2016 status conference.


October 20, 2015                              _s/  Norah McCann King___
                                              Norah McCann King
                                              United States Magistrate Judge